# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.   Case No. 3:18-cr-209-J-34MCR

JIMMY RAY LIGHTSEY

_____

## **ORDER**

**THIS CAUSE** is before the Court on Magistrate Judge Monte C. Richardson's Report and Recommendation (Doc. No. 41; Report), entered on July 3, 2019. In the Report, Magistrate Judge Richardson recommends that Defendant's Motion to Suppress (Doc. No. 24) be denied. See Report at 18. Defendant has filed objections to the Report. See Defendant's Objections to Report and Recommendation (Doc. No. 45; Objections). The United States has responded to the Objections by stating that if the Court determines to substantively review Defendant's untimely Objections, then the United States adopts the arguments set forth in its response to the motion to suppress. See United States' Response to Motion to Permit Late Filing (Doc. No. 47; Response).

The Court reviews a magistrate judge's report and recommendation in accordance with the requirements of Rule 59, Federal Rules of Criminal Procedure (Rule(s)) and 28 U.S.C. § 636(b)(1). The Court "may accept, reject or modify, in whole or in part, the findings of the recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Rule 59(b)(3). "[I]n determining whether to accept, reject, or modify the magistrate's report and recommendations, the district court has the duty to conduct a careful and complete review." Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982 (quoting Nettles v.

Wainright, 677 F.2d 404, 408 (5th Cir. Unit B 1982)[1]). Additionally, pursuant to Rule 59 and § 636(b)(1), where a party timely objects[2] to the magistrate judge's report and recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Rule 59(b)(3); Thomas v. Arn, 474 U.S. 140, 149-50 (1985). Nevertheless, while de novo review of a magistrate judge's recommendation is required only where an objection is made,[3] the Court always retains the authority to review such a recommendation in the exercise of its discretion. See Rule 59 advisory committee notes (2005) (citing Thomas, 474 U.S. at 154; Matthews v. Weber, 423 U.S. 261, 270-71 (1976)).

Upon careful consideration and independent review of the record, the Court will overrule the Objections and accept and adopt the factual and legal conclusions recommended by the Magistrate Judge. In doing so, the Court notes that the facts underlying the Objections were fully addressed by the Magistrate Judge. Additionally, the

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent decisions of the former Fifth Circuit (including Unit A panel discussions of that circuit) handed down prior to October 1, 1981. W.R. Huff Asset Mgmt. Co., L.L.C. v. Kohlberg, Kravis, Roberts & Co., L.P., 556 F.3d 979, 985 n.6 (11th Cir. 2009). After October 1, 1981, "only decisions of the continuing Fifth Circuit's Administrative Unit B are binding on this circuit. . . ." Dresdner Bank AG v. M/V Olympia Voyager, 446 F.3d 1377, 1381 n. 1 (11th Cir. 2006). The Court notes that the Fifth Circuit overruled Nettles, in part, on other grounds, in Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc). However, "that does not change the binding effect of Nettles in this Circuit because Douglass was decided after October 1, 1981 and was not a Unit B decision." United States v. Schultz, 565 F.3d 1353, 1360 n.4 (11th Cir. 2009).

[2] Both 28 U.S.C. 636(b)(1) and Rule 59(b)(2) require a party wishing to object to a magistrate judge's recommendation to serve and file any objections within fourteen (14) days of being served with the magistrate's recommendation. Rule 59 further provides that a "[f]ailure to object in accordance with this rule waives a party's right to review." Rule 59(b)(2).

[3] See Rule 59 advisory committee notes (2005) (citing Peretz v. United States, 501 U.S. 923 (1991)).

Court finds the Magistrate Judge's conclusions that the incriminating nature of the firearm and marijuana was immediately apparent and that a search of the vehicle was authorized by the automobile exception are entirely supported by the facts and the applicable law.[4]

Accordingly, it is hereby **ORDERED**:

1. Defendant's Objections to Report and Recommendation (Doc. No. 45) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. No. 41) is **ADOPTED** as the opinion of the Court.

3. Defendant's Motion to Suppress (Doc. No. 24) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of July, 2019.

MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:

Counsel of Record

---

[4] See Report at 15-16, n8.